**Wei LU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73976.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Jisheng Li, Esq., Law office of Jisheng Li, Honolulu, HI, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hi–District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Andrew Byerly Birge, Esq., Hagen W. Frank, Esq., U.S. Attorneys Office, Grand Rapids, MI, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Wei Lu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Lu's testimony regarding events that transpired during the period he worked for the Chinese embassy in Cameroon was confused, and in several instances, incoherent and implausible. *See id.* Lu failed to raise any arguments regarding faulty translation before the BIA. *See id.* at 1143–44.

** This disposition is not appropriate for publication and may not be cited to or by the

The IJ also found Lu's account to be internally illogical because in his declaration Lu stated that he accepted a government-sponsored job in Guam to spare his aging parents, with whom he lived, from the stress caused by police visits to their home. In testimony he mentioned, for the first time, that he was allowed to leave China after he signed a contract agreeing that his father would be held responsible for any unsatisfactory conduct by Lu, and that his parents posted their house as collateral. *See id.; see also Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (accepting IJ's adverse credibility determination based, in part, on key omissions in earlier applications).

Lu's remaining contentions are without merit.

## PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

